Terrance Kent **MOORD**, Plaintiff—Appellant,

v.

R. **KONKEL**; et al., Defendants—Appellees.

No. 06–56046.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed July 30, 2008.

R.App. P. 34(a)(2).

Terrance Kent Moord, Corcoran, CA, pro se.

Susan Eileen Coleman, Esq., Office of the California Attorney General, San Diego, CA, for defendants-Appellees.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Terrance Kent Moord, a California state prisoner, appeals pro se from the district court's judgment entered following a jury trial in his 42 U.S.C. § 1983 action alleging constitutional violations in connection with an altercation with prison officials. Moord does not appeal the jury verdict that Officers Konkel and Carson did not use excessive force. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Oliver v. Keller,* 289 F.3d 623, 626 (9th Cir.2002), and we affirm.

■ The district court properly granted summary judgment in favor of Officers Stovall and Tapia on grounds of qualified immunity. The record supports the district court's conclusion that a constitutional violation may have occurred when Stovall and Tapia shot Moord during the altercation with other prison officials. *See Marquez v. Gutierrez,* 322 F.3d 689, 692 (9th Cir.2003). Contrary to Moord's contention, the district court properly determined that, under the second prong of Saucier, a reasonable officer in their position could have believed that shooting Moord was lawful and necessary to restore order. *See Saucier v. Katz,* 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *see also Marquez,* 322 F.3d at 693 (explaining that prison official may be entitled to qualified immunity, despite mistaken beliefs as to the facts of an incident, if he reasonably believes his conduct was lawful and taken in a good faith effort to restore order).

■ The district court properly granted summary judgment in favor of Officers

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Konkel and Carson on Moord's Eighth Amendment claim because Moord failed to raise a triable issue as to whether the Officers were deliberately indifferent to his serious medical needs. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (holding that prison officials manifest a deliberate indifference to a prisoner's medical needs if they intentionally deny, delay or interfere with medical treatment).

The district court properly granted summary judgment in favor of Officer Camire because Moord failed to present any evidence that Camire used force against him or otherwise violated his constitutional rights. *See Saucier*, 533 U.S. at 201, 121 S.Ct. 2151 ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.").

The district court properly granted summary judgment in favor of defendant Gomez because Moord failed to present any evidence supporting his claim that Gomez violated his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (holding that state official is liable under § 1983 only "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation" of a constitutional right) (emphasis in original).

■ The district court properly granted summary judgment on Moord's conspiracy claim because Moord failed to raise a triable issue as to whether defendants agreed to violate his constitutional rights. *See Burns v. County of King*, 883 F.2d 819, 821 (9th Cir.1989) (per curiam) (explaining that district court should grant summary

judgment where plaintiff asserts only conclusory allegations rather than specific facts supporting the existence of the claimed conspiracy).

■ The district court did not abuse its discretion in denying Moord's motions to reconsider because Moord failed to show good cause justifying reconsideration. *See School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993) (setting forth elements for reconsideration under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure).

Moord's remaining contentions are unpersuasive.

**AFFIRMED.**